UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDRE QUINN, | ) | CASE NO. 1:07 CV 3197 |
| Plaintiff, | ) ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) ) | |
| ADAM BEESE, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

On October 17, 2007, plaintiff pro se Andre Quinn filed this action under 42 U.S.C. § 1983 against the Cleveland Metropolitan Housing Authority ("CMHA"), CMHA Officer Adam Beese, and Mr. Beese's partner Officer John Doe. In the complaint, plaintiff asserts he was physically assaulted by Officers Beese and Doe. He seeks $ 1,500,000.00 from each of the officers, and $ 10,000,000.00 from CMHA.

**Background**

Mr. Quinn claims that he was stopped by CMHA Officers Beese and Doe near Kennard and Quincy Avenue. He indicates that the officers quickly approached the car and opened the driver's side door. He contends that Officer Beese entered the vehicle and began to physically assault the plaintiff while John Doe watched. He claims the officers pulled him out of the car,

continued to hit him and sprayed him with pepper spray. Mr. Quinn states that they stopped their actions only when they realized others had gathered around to watch the incident.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against CMHA are dismissed pursuant to §1915(e).

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770,

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the CMHA which may have resulted in the deprivation of a federally protected right of the plaintiff.

### Conclusion

Accordingly, the claims against CMHA are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely against Officers Beese and Doe. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

                                                  s/ Kathleen M. O'Malley
                                                  KATHLEEN M. O'MALLEY
                                                  UNITED STATES DISTRICT JUDGE

DATED: December 18, 2007

---

[2]     28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.